IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARVIN GLADSTONE,
FRANK T. CLOAK, and
DOROTHY DOYLE,

        Plaintiffs,

vs.                                                                            No. CV-04-1078 JC/DJS

REBECCA VIGIL-GIRON, in her
official capacity as Secretary
of State for the State of New Mexico,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Complaint for Injunctive Relief for Deprivation of Plaintiffs' First and Fourteenth Amendment Rights, filed September 23, 2004 (*Doc. 1*). The Court, having considered the parties' submissions, entertained oral argument in a hearing on September 24, 2004, being cognizant of related New Mexico State Court proceedings, and being otherwise fully advised in the premises, hereby GRANTS Plaintiffs' requested relief IN PART.

**I.**      **Background**

Plaintiffs in this matter are registered voters in New Mexico within the meaning of NMSA 1978 § 1-1-5. Defendant is the Secretary of State for the State of New Mexico ("Secretary" or "Defendant"). The Secretary, in her official capacity, serves as Chief Election Officer for the State of New Mexico and, as such, is charged with overseeing the State election laws.

Notwithstanding the Secretary's prior certification of Mr. Nader and Mr. Camejo to appear on New Mexico's 2004 General Election ballot as independent candidates for President and Vice

President, respectively, on September 20, 2004, a judge of the Second Judicial District Court, Bernalillo County, entered an Order in the matter of *Griego, et al. v. Vigil-Giron, et al.*, Case No. CV-2004-05952, stating that Nader is ineligible to run as an independent candidate in New Mexico pursuant to NMSA 1978 § 1-8-45.  Following that Order, the Secretary commenced printing and distributing new ballots without Nader and Camejo's names on them[1] while Nader and Camejo appealed the Order to the New Mexico Supreme Court.  Before the New Mexico Supreme Court heard or decided the appeal, Plaintiffs filed this action requesting immediate relief in the form of temporary and permanent injunction preventing the Secretary and her agents from (a) taking any action that would deny Plaintiffs the right to cast their votes for Nader and Camejo; (b) restricting access to the November 2, 2004 General Election ballot for Nader and Camejo as independent candidates for President and Vice President, respectively, in New Mexico; (c) printing or sending November 2, 2004 General Election Ballots excluding Nader and Camejo's names or causing the same to be done; and (d) directing the Secretary and her agents to place the names of Nader and Camejo on the ballot for the November 2, 2004 General Election.  Late in the day on September 23, 2004, after Plaintiffs filed this action, the New Mexico Supreme Court issued a stay, ordering that the Secretary "...not destroy or distribute ballots pending further order of this court."  Def's Resp., Ex A.  This Court deferred its ruling in the instant case pending decision from the New Mexico Supreme Court in the related case.  Earlier today, September 28, 2004, the New Mexico Supreme Court overturned the decision of the lower State court and ordered the Secretary to place Nader back on the ballot.

---

[1] Approximately two hundred seventy ballots have already been sent overseas absent the names of Nader and Camejo.

**II.     Discussion**

*A.     Jurisdiction*

Plaintiffs bring this action pursuant to Title 28, United States Code, §§ 1331, 1343(3), 1343(4), and 42 U.S.C. § 1983.  In Defendant's Response, filed September 24, 2004 (*Doc. 2*), and Supplemental Response, filed September 27, 2004 (*Doc. 7*), she challenges this Court's jurisdiction to entertain this matter based on the Rooker-Feldman doctrine and *Younger* abstention.  Resp. at 6-9.  Both of these challenges must fail for the reasons discussed below.

Under the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to hear claims that are either (1) actually decided by a state court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), or (2) "inextricably intertwined" with a prior state court judgment, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).  Rather than prohibiting the relitigation of issues and claims (the province of the preclusion doctrines), Rooker-Feldman protects state court judgments from impermissible appellate review by lower federal courts, as appellate review of such judgments is reserved to the U.S. Supreme Court.  *Id.*  Defendant strongly urges application of this doctrine against Plaintiffs, identifying the only exception to the doctrine to be where a federal statute authorizes federal appellate review of final state court decisions and noting no such statutory authority here.  However, Defendant's Response fails to acknowledge well-settled law establishing that Rooker-Feldman cannot be applied against non-parties to the related state court action.  *Johnson v. De Grandy*, 512 U.S. 997, 1109-10 (1994); *Dickerson v. Bates*, 2004 U.S. App. LEXIS 13988 (10th Cir. 2004).

In her Supplemental Response, Defendant, for the first time and "in answer to questions raised

3

by the Court at the hearing held on September 24, 2004," acknowledges the general rule that Rooker-Feldman applies only to parties in the state court proceeding. Supp. Resp. at 1. In that vein, Defendant argues that Plaintiffs in this suit are "in privity with Mr. Nader" and have "virtual representation in Mr. Nader before the New Mexico Supreme Court" such that the doctrine should apply as if Plaintiffs were parties to the state suit. Supp. Resp. at 2-3, 8. Curiously, counsel for Defendant took the opposite position when arguing another issue during the hearing on this matter. Specifically, Mr. Coppin represented to the Court that "[Nader's] right to be on the ballot is something separate from a person's right to vote for whom they choose to on a ballot. Access to the vote is different than his access to be placed as a candidate on the ballot." Tr. 9/24/04 at 25. The Court agrees with Mr. Coppin's original assessment. While the two cases are unarguably related, these Plaintiffs are, in fact, asserting constitutional claims not adjudicated in State court. Plaintiffs' constitutional rights as voters, and any alleged infringement thereon, are separate and distinct from Nader's asserted right to run for office as an independent candidate in New Mexico. It follows that the instant suit invokes the original jurisdiction of the Court and is not the impermissible attempt at lower federal court "appellate" review that Rooker-Feldman is intended to forestall. Consequently, it would be improper to apply the Rooker-Feldman doctrine against the non-party Plaintiffs in this case.

Defendant also urges the Court to abstain from reaching the merits of Plaintiffs claims under the equitable doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Defendant argues that traditional principles of equity and federal-state comity dictate abstention while the related case is pending before the New Mexico Supreme Court. Courts determining the appropriateness of such abstention should consider whether: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the

state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160 (10th Cir. 1999). Given these considerations, it is in part because the New Mexico Supreme Court had not yet ruled in the related matter that this Court deferred its ruling in this matter. The Court now finds it timely to issue its ruling on the constitutional claims of these Plaintiffs, for there is no longer a pending proceeding under the first prong above; the state court did not consider the rights of these Plaintiffs under the second prong, and while the State has an important interest in regulating its election process under the third prong, "in the context of a Presidential election, state-imposed restrictions implicate a uniquely important federal interest." *Anderson v. Celebrezze*, 460 U.S. 780, 794-95 (1983) (striking down restrictions on ballot access for independent candidates). The constitutionality of the Statute as it affects these Plaintiffs must be resolved quickly so ballots can be distributed. Accordingly, the Court finds abstention doctrines inapplicable and will instead discharge its obligation to decide the questions of federal constitutional law before it.

B.    *Constitutional Claims*

The question presented by this case is whether the New Mexico statute governing independent candidacies places an unconstitutional burden on the voting and associational rights of Nader's supporters. Plaintiffs assert that NMSA 1978 § 1-8-45 (the "Statute"), as interpreted by the State courts, infringes upon their right to freely associate with and vote for the presidential candidate of their choice. The relevant portion of the Statute requires an independent candidate to be "without party affiliation for an office to be voted on at a general election or any United States representative

5

special election." NMSA 1978 § 1-8-45 (A). The lower State court interpreted the Statute to disqualify a candidate from running as an independent in New Mexico if he is affiliated with a party in *any* state. Thus, because Nader has undisputedly affiliated himself with the Reform Party in Michigan, and has other party affiliations in several other states, the New Mexico Statute as interpreted by the lower State court would have rendered him ineligible to run as an independent candidate in New Mexico. The Court finds this to be an unconstitutional abridgment of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

### *Equal Protection*

Plaintiffs correctly argue that "...the right of individuals to associate for the advancement of political beliefs and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively..." are fundamental. *Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173 (1978). Indeed, the right of individuals to associate for the advancement of political beliefs and the right of qualified voters to cast their votes effectively both rank among this country's most precious freedoms. *Williams v. Rhodes*, 393 U.S. 23 (1968). "When ballot access is restricted by statutory requirements...the State must show a compelling interest which is furthered by its requirements." *Anderson v. Cooper*, 498 F.Supp. 898 (1980) (citing *Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173 (1978)). While strict scrutiny is not automatically triggered when the government regulates or restricts a person's ability to run for office, such restrictions will trigger heightened scrutiny if they substantially interfere with either of two other constitutional rights: (1) the fundamental equal protection right to vote for a candidate who reflects one's views or (2) the First Amendment right to associate with others for political purposes and to advance a candidate of one's choosing. *See, e.g., Bullock v. Carter*, 405 U.S. 134 (1972) (striking down a Texas statute that

6

imposed candidate filing fees as high as $8,900.), *Luban v. Parish*, 415 U.S. 709 (1974) (invalidating a California law that set filing fees at two percent of annual salary).

Defendant argues that the State interests need only be "important" and that its interest in guaranteeing that an independent candidate not have any party affiliations provides the voters in New Mexico with assurances that such a candidate is truly independent. The Court disagrees and holds instead that the Statute as interpreted by the lower State court triggers a heightened scrutiny through its effect on the rights of Plaintiffs in this case. Hence, the Court will apply heightened scrutiny and conclude that the State's interest in voter education is outweighed by Plaintiffs' constitutional rights.

*First Amendment*

The First Amendment right of association protects the freedom of individuals to gather or to unite in order to engage in activities protected by the First Amendment, such as "speech, assembly, petition for the redress of grievances, and the exercise of religion." *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984). States may, however, enact reasonable regulations of parties, elections, and ballots to reduce election and campaign-related disorder. *Burdick v. Takushi*, 504 U.S. 428, 433 (1992).

Defendant relies heavily on the case of *Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 363 (1997), in which the Supreme Court upheld a Minnesota "anti-fusion" law prohibiting a candidate from appearing on the Minnesota ballot as the nominee of more than one political party. The Court finds that case distinguishable, however, for the New Mexico Statute was originally read to restrict an independent candidate's affiliations in *any* state, and, as such, was overreaching in its attempt to place restrictions on the content of what an independent candidate in New Mexico may believe in another state. In short, the Court finds such an interpretation to be unconstitutional as

applied to these Plaintiffs.

**III.     Conclusion**

In summary, the Court finds the State's important and legitimate interest in voter education cannot justify the restriction on participation by an independent candidate in a Presidential election which results in the impermissible infringement on Plaintiffs' constitutional rights under the First and Fourteenth Amendments of the United States Constitution.  Plaintiffs have met their burden and have succeeded on the merits; thus, the Court grants their requested relief in part as follows:

**IT IS ORDERED** that Defendant Rebecca Vigil-Giron, in her official capacity as Secretary of State for the State of New Mexico, will:

**(1)     Refrain from printing or sending 2004 General Election Ballots which exclude Mr. Nader's name from them;  and**

**(2)     Place the names of Mr. Nader, his Vice Presidential running mate, and his Presidential electors on the New Mexico Ballot for the General Election in 2004.**

Dated this 28th day of September, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:

>   Jason Bowles, Esq.
>   B.J. Crow, Esq.
>   Sharp & Bowles, P.A.
>   Albuquerque, New Mexico

Attorneys for Defendant:

>   Christopher Coppin, Assistant Attorney General
>   David Thompson, Assistant Attorney General
>   Albuquerque, New Mexico